# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARIO SCIORTINO, an individual, and UNIQUE RV & AUTO WORKS, INC., dba UNIQUE MOVIE CARS,<br><br>  Plaintiffs,<br><br>vs.<br><br>DANA MECUM, an individual; MECUM AUCTION INC., and/or assumed name THE MECUM COLLECTION, MECUM AUCTION, INC., a Delaware domestic close corporation; KEN PORTER AUCTION CO., a California corporation, and DOES I through X, inclusive,<br><br>  Defendants. | Case No.: 2:10-cv-02254-RLH-GWF<br><br>**O R D E R**<br><br>(Motion to Dismiss–#6;<br>Motion to Amend–#10) |

Before the Court is Defendants Dana Mecum, Mecum Auction Inc., and Ken Porter Auction Co.'s **Motion to Dismiss** (#6, filed Feb. 17, 2011) based on a lack of personal jurisdiction and a forum selection clause in the contract. The Court has also considered Plaintiffs Mario Sciortino and Unique RV & Auto d/b/a Unique Movie Cars' Opposition (#7, filed Mar. 5, 2011), and Defendants' Reply (#8, filed Mar. 15, 2011).

Also before the Court is Plaintiffs' **Motion for Leave to Amend** (#10, filed Mar. 31, 2011). The Court has also considered Defendants' Opposition (#10, filed Apr. 8, 2011). Plaintiffs did not file a Reply.

1

AO 72
(Rev. 8/82)

# BACKGROUND

This dispute arises out of a contract between Plaintiffs and Defendants by which Defendants were to auction Plaintiffs' classic 1966 Aston Martin DB6 (which the Court's clerks would like to take for a spin). Defendants allege that they first discussed the possibility of auctioning off the Aston Martin in 2008, but those negotiations did not lead to any agreement. It wasn't until May 2010 that Plaintiffs and Defendants resumed discussions and agreed to a deal whereby Defendants would auction the Aston Martin in August in Monterey, California. Defendants sent Plaintiff various contractual documents setting forth the final agreement. Sciortino set a reserve price of $300,000, signed the documents, and returned them. Amongst multiple other allegations, Plaintiffs allege that during the auction, Defendants halted the bidding at the $300,000 reserve price, preventing others from bidding over that price, and then purchased the Aston Martin themselves for the $300,000 reserve.

On December 12, 2010, Plaintiffs filed a complaint, including attached contracts, alleging: (1) breach of express/implied in fact and/or unilateral contract, (2) breach of implied covenant of good faith and fair dealing, (3) unfair and deceptive trade practices, (4) piercing corporate veil, and (5) punitive damages. Now before the Court are two motions: Defendant's motion to dismiss for lack of jurisdiction and Plaintiffs' motion for leave to amend. For the reasons discussed below, the Court grants Defendants' motion, though it will transfer the case rather than dismiss it, and denies Plaintiffs' motion.

# DISCUSSION

I.  **Motion to Dismiss**

Defendants assert that the Court should dismiss this suit for want of personal jurisdiction, presumably under Federal Rule of Civil Procedure 12(b)(2). Alternatively, Defendants assert that the case should be transferred because the contract between the parties has a forum selection clause that names McHenry County, Illinois as the sole forum to litigate disputes.

///

The Court determines that the forum selection clause is dispositive of the issues before the Court and will discuss the propriety of transfer rather than dismissal for want of personal jurisdiction.

**A.     Legal Standard**

The Ninth Circuit has determined that a district court should analyze a motion to dismiss based on a forum selection clause in a contract under Rule 12(b)(3) of the Federal Rules of Civil Procedure, which controls motions to dismiss for improper venue. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). When ruling on a 12(b)(3) motion, the pleadings need not be accepted as true and the court may "consider facts outside the pleadings" such as the loan agreement, cosigner agreement and the statements of terms and conditions relevant in this dispute. *Murphy v. Schneider Nat'l, Inc.*, 362 F. 3d 1133, 1137 (9th Cir. 2003). Nonetheless, the "court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Id.* at 1138.

**B.     Analysis**

    **1.     The Forum Selection Clause**

The enforceability of a forum selection clause is generally controlled by federal law. *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10–12 (1972). In *Bremen*, the Supreme Court held that forum selection clauses are presumptively valid. *Id.* Forum selection clauses with mandatory forum selection language are routinely enforced in the Ninth Circuit. *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 763 (9th Cir. 1989) (applying a forum selection clause in a diversity jurisdiction case and stating that courts in the Ninth Circuit routinely uphold forum selection clauses); *see also Applied Med. Distrib. Corp. v. Surgical Co. BV*, 587 F.3d 909, 914 (9th Cir. 2009).

Although forum selection clauses are presumptively valid under *Bremen*, the Court also "recognized three reasons that would make enforcement of a forum selection clause unreasonable." *Murphy*, 362 F.3d at 1140. The three reasons are: (1) if the clause is the product of fraud or overreaching; (2) if the clause would deprive the opposing party of his day in court; and

1  (3) if enforcement would contravene a strong public policy of the forum in which suit is brought.
2  *Id.* (citing *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998)). Essentially, the
3  party challenging the forum selection clause must "show that trial in the contractual forum would
4  be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his
5  day in court." *Manetti-Farrow, Inc. v. Gucci Am. Inc.*, 858 F.2d 509, 515 (9th Cir. 1988).

6        Because the forum selection clause at issue is mandatory in nature, Plaintiffs bear
7  the heavy burden of showing the contractual forum in Illinois would be so gravely difficult and
8  inconvenient that for all practical purposes transfer would deprive them of their day in court. Yet
9  Plaintiffs entirely fail to address these issues. Instead, Plaintiffs simply contend (based on Third
10 Circuit case law) that federal law governs the interpretation of a forum selection clause. While
11 that may be true, it does not adequately address the issues in this case. Plaintiffs present no
12 evidence of fraud, undue influence, overweening bargaining power, or that a transfer would be so
13 gravely difficult or inconvenient so as to deprive Plaintiffs of their day in Court. Consequently,
14 Plaintiffs do not provide any reason for not enforcing the forum selection clause. Therefore, the
15 Court will enforce the forum selection clause by either dismissing or transferring this case as
16 required by Ninth Circuit case law.

17               **2.    Dismiss or Transfer**

18       Defendants requested dismissal or, in the alternative, transfer to the appropriate
19 venue. Under 28 U.S.C. § 1406(a), a court must dismiss a case if venue is improper or "if it be in
20 the interest of justice, transfer such case to any district or division in which it could have been
21 brought." Courts favor transferring cases filed in an improper venue under § 1406(a) over
22 dismissing a case under Rule 12(b)(3) in the "interest of justice." *See Goldlawr, Inc. v. Heiman*,
23 369 U.S. 463, 466 (1962). Under 28 U.S.C. § 1404(a), a court may "transfer any civil action to
24 any other district or division where it might have been brought" for the convenience of the parties
25 and witnesses or in the interest of justice.
26 ///

Although Plaintiffs filed this suit in the District of Nevada, an improper venue as determined by the forum selection clause, the interest of justice guides the Court to transfer this case to Illinois rather than dismiss Plaintiffs' complaint. Accordingly, the Court transfers this dispute under its § 1404(a) authority to the United States District Court for the Northern District of Illinois, which encompasses the designated forum of McHenry County, Illinois.

**B.     Personal Jurisdiction**

The Court wishes to quickly address Defendants' personal jurisdiction arguments despite the forum selection clause proving dispositive in this case. Defendants argue that this Court, regardless of the forum selection clause, lacks personal jurisdiction over them. To this, Plaintiffs respond that the Court has subject matter jurisdiction based on diversity of the parties. The Court had a difficult time formulating its own response to this contention. That the Court would have subject matter jurisdiction over this dispute is not in question. Apparently Plaintiffs are not aware that the concept of personal jurisdiction is distinct from that of subject matter jurisdiction. For a federal court to entertain a case, the court must have both subject matter jurisdiction and personal jurisdiction or jurisdiction over the parties. The fact that the Court would have subject matter jurisdiction is entirely irrelevant to the question of whether the court has personal jurisdiction over the Defendants. Therefore, Plaintiffs largely did not respond to Defendants contentions but addressed an entirely separate, and irrelevant, topic.

**II.     Motion for Leave to Amend**

As the Court has already determined that this is the improper venue and that it is transferring the case, it would not be prudent to rule on this motion. Rather, the Court leaves this motion for consideration by the Illinois district court.

///

///

///

///

AO 72
(Rev. 8/82)

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#6) is GRANTED in that the Court directs the Clerk of the Court to transfer this case to the Northern District of Illinois, Western Division.

IT IS FURTHER ORDERED that the Court DEFERS ruling on Plaintiffs' Motion for Leave to Amend (#10).

Dated: August 10, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**